**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA MARY PETITE, in her capacity as personal representative for the Estate of CARL PETITE,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Social Security,<br><br>    Defendant-Appellee. | No. 16-55314<br><br>D.C. No. 5:15-cv-00543-GJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gail J. Standish, Magistrate Judge, Presiding

Submitted November 15, 2017[**]
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and LOGAN,[***] District Judge.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

Martha Mary Petite appeals a district court order affirming the denial of an application filed by her late husband, Carl Petite, for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's order de novo. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). We affirm.

At step five of the sequential evaluation process, the administrative law judge ("ALJ") concluded that Petite was capable of performing "other work that exists in significant numbers in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal quotation marks omitted); 20 C.F.R. § 404.1520(a)(v). Petite was unable to perform the full range of "medium work" under the Medical-Vocational Guidelines (the "Guidelines") because of his significant nonexertional limitations. *See* 20 C.F.R. pt. 404, subpt. P, app. 2; 20 C.F.R. § 404.1569a(c). As a result, the ALJ properly consulted a vocational expert, who testified that Petite could perform work as a data entry clerk. *See Tackett*, 180 F.3d at 1102–04. There are 272,810 positions for a data entry clerk in the national economy. The ALJ's step-five determination is supported by substantial evidence, and is not legally erroneous. *See Hoopai*, 499 F.3d at 1074.

Petite argues that the ALJ's application of Guidelines section 203.08 was erroneous because he could not perform the full range of "medium work." *See* 20

C.F.R. pt. 404, subpt. P, app. 2, § 203.08. However, in addition to relying on a vocational expert's testimony, the ALJ was permitted to use the "medium work" grid as a "framework" for decision-making since Petite's exertional limitations match the definition of "medium work." *See Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989); 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)(2); 20 C.F.R. § 404.1567(c).

**AFFIRMED.**